**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

KAMAL MEHTA                                                                                    PETITIONER

VERSUS                                                   CIVIL ACTION NO. 5:20-cv-80-KS-MTP

SHAWN GILLIS                                                                                RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Kamal Mehta's Petition for Writ of Habeas Corpus [1] and Emergency Motion to Stay Removal [2]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] and the Motion [2] be denied and this matter be dismissed with prejudice.

## BACKGROUND

Kamal Mehta, a citizen of India, is currently held in immigration custody at the Adams County Detention Center. He challenges his expedited order of removal and requests a new asylum hearing. Petitioner brings this claim under the Suspension Clause of the United States Constitution because other statutory provisions, discussed below, strip this Court of subject-matter jurisdiction to review an alien's expedited removal order.

On April 20, 2019, Petitioner entered the United States without inspection.[1] *See* Pet. [1] at 2; Ex. A at 15. On April 24, 2019, he was taken into custody by Immigration and Customs Enforcement ("ICE") and placed in an expedited removal proceeding. During this proceeding, Petitioner claimed that he was afraid to return to India and sought asylum in the United States.

---

[1] "All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3).

1

Petitioner is a member of the Sikh faith, but his wife is Hindu. He alleges that this has caused strife with his wife's family and that their "love match" was unacceptable. Petitioner's wife's uncle, a high-ranking member in the BJP, India's ruling party, pressured Petitioner to convert to Hinduism and allegedly beat Petitioner in 2014 and burned down his place of business.

Petitioner claims that he continued to receive threats because he did not leave the Sikh religion. On May 2, 2019, his wife's uncle and a group of men attacked him again. They allegedly chastised him for not converting to Hinduism and then beat him with hockey sticks. Petitioner then attempted to move to a different part of the country but continued to feel unsafe. He reported in his credible fear interview that he could not escape this oppressive political party in India, and this caused him to leave India on April 8, 2019. Petitioner submits that members of the BJP continue to harass his family, and he believes that a car accident involving his wife in August of 2019 is related to this political pressure.

On May 13, 2019, Petitioner was granted a credible fear interview. The asylum officer who conducted the interview determined that Petitioner was credible, but ultimately denied his application for asylum. It was determined that Petitioner could not demonstrate that the people who harmed him were agents of the government or that the government was unwilling or unable to control them. The asylum officer's decision was subsequently affirmed by an immigration judge.

Petitioner seeks an order vacating his expedited removal order and argues that the asylum officer arbitrarily and erroneously applied the law. He filed his Petition [1] on March 23, 2020. Shawn Gillis filed his Response [14] on April 23, 2020. Petitioner filed his Reply [15] on May 7, 2020. This matter is now ripe for review.

## ANALYSIS

*Petition for Writ of Habeas Corpus*

Before the Court can address the merits of Singh's Petition [1], the Court must first determine if a jurisdictional basis exists to proceed in this matter. The burden of establishing subject-matter jurisdiction lies with the party seeking relief. *Sawyer v. Wright*, 471 F. App'x 260, 261 (5th Cir. 2012).

The REAL ID ACT

In May 2005, Congress passed the REAL ID Act which "amends the jurisdictional provision of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal." *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). The Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Id*. at 736. The REAL ID Act "requires district courts to transfer any pending habeas cases to the appropriate court of appeals." *Id*.

The procedure for non-citizens seeking asylum in the United States is controlled by 8 U.S.C. § 1225(b)(1). If an alien who is deemed inadmissible by an immigration officer indicates either an intention to apply for asylum or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer. 8 U.S.C. § 1225(b)(1)(ii). If the asylum officer finds that the alien's fear is not credible, then the alien may seek review by an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

Judicial review of expedited removal orders is governed by 8 U.S.C. § 1252(e). *See Brumme v. I.N.S.*, 275 F.3d 443, 446 (5th Cir. 2001). Section 1225(e)(2) severely limits judicial review of decisions made under § 1225(b)(1). Section 1225(e)(2) provides:

> **(e)(2)** Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> > **(A)** whether the petitioner is an alien,
> >
> > **(B)** whether the petitioner was ordered removed under such section, and
> >
> > **(C)** whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such statute not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General to section 1225(b)(1)(C) of this title.

The reviewing court may determine whether a removal order "was issued and whether it related to the Petitioner. There shall be no review of whether the alien is actually admissible or entitled to any relief from removal." *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 460 (W.D. Tex. Oct. 4, 2011); *see also Brumme*, 275 F.3d at 447-48 (narrowly construing the avenues of review under § 1252(e) to the three instances articulated in the statute).

The Petitioner seeks review of a determination for expedited removal under § 1225(b)(1), but "does not raise one of the grounds for review permitted by § 1252(e)(2)." *Shah v. Director, Jackson Parish Corr. Center*, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019). Petitioner also seeks relief under the Administrative Procedures Act ("APA"). However, "because § 1252(a)(2)(A) strips courts of jurisdiction to review claims related to the expedited removal statute except as provided in § 1252(e), '[n]otwithstanding any other provision of law (statutory or nonstatutory),' the APA, INA, and 28 U.S.C. § 1331 (the federal question jurisdiction statute) cannot be an alternative basis for jurisdiction." *Rodrigues v. McAleenan*, 2020 WL 363041, at *4 (N.D. Tex. Jan. 22, 2020) (citing *Patchak v. Zinke*, 138 S. Ct. 897, 905 (2018)). Therefore, pursuant to § 1252(e) this Court has no jurisdiction to consider Petitioner's claims.

The Suspension Clause

Petitioner argues that this Court retains jurisdiction to review his Petition because § 1252(e)(2) violates the Suspension Clause of the United States Constitution.  He relies on the Ninth Circuit decision, *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), to support his claim.

The Suspension Clause requires that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it."  U.S. Const. art. I, § 9, cl. 2.  When reviewing a claim that the Suspension Clause has been violated, the Court must ask whether "the statute stripping jurisdiction to issue the writ avoids the Suspension Clause mandate because Congress has provided adequate procedures for habeas corpus." *Boumediene v. Bush*, 553 U.S. 723, 771 (2008).

"*Boumediene* provides an analytical template for evaluating a Suspension Clause challenge: at step one, we examine whether the Suspension Clause applies to the petitioner; and, if so, at step two, we examine whether the substitute procedure provides review that satisfies the Clause."  *Thuraissigiam*, 917 F.3d at 1107. In determining whether or not a petitioner can invoke the Suspension Clause, the following factors are considered: "(1) the citizenship and status of the detainee and the adequacy of the process through which that status determination was made; (2) the nature of the sites where apprehension and detention took place; and (3) the practical obstacles inherent in resolving the [petitioner's] entitlement to the writ." *Boumediene*, 553 U.S. at 766.

Among the circuit courts, only the Third and Ninth Circuits have addressed the question of whether § 1252(e)(2) as applied to noncitizen petitioners subject to expedited removal violates

the Suspension Clause.  *See Thuraissigiam*, 917 F.3d at 1105; *Castro v. U.S. Dep't of Homeland Sec*., 835 F.3d 422 (3d Cir. 2016).

In *Castro*, the Third Circuit "applied the *Boumediene* analysis in determining whether petitioners, natives and citizens of El Salvador, Honduras, and Guatemala, who entered the United States seeking asylum and were ordered removed after receiving negative credible fear determinations, could invoke the Suspension Clause in challenging the Court's lack of jurisdiction to review their expedited orders of removal." *Hidalgo-Mejia v. Pitts*, 343 F. Supp. 3d 667, 672 (W.D. Tex. 2018).  The petitioners argued that "to deny them due process rights despite them having indisputably entered the country prior to being apprehended would run contrary to numerous Supreme Court precedents recognizing the constitutional right of all 'persons' within the territorial jurisdiction of United States." *Castro*, 835 F.3d at 445.  The Third Circuit rejected that argument and found that "Petitioners were each apprehended within hours of surreptitiously entering the United States, so…it is appropriate to treat them as aliens seeking initial admission to the United States." *Id.* (internal quotations and citation omitted).

The Third Circuit found petitioner's Suspension Clause claim failed at step one because "the Supreme Court has unequivocally concluded that 'an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application.'" *Id.* (quoting *Landon v. Plasencia*, 459 U.S. 21, 32 (1982)).[2]  "In the exercise of its broad power over

---

[2] The Supreme Court, however, has recognized other instances where aliens may challenge immigration detention through a habeas petition.  *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (holding that habeas statute allowed federal courts to determine whether post-removal order detention of an alien was authorized); *see also Demore v. Kim*, 538 U.S. 510 (2003) (holding that discretionary decisions of the Attorney General could not be challenged in a habeas petition but an alien could challenge the constitutionality of a specific section of the INA).

naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Matthews v. Diaz*, 426 U.S. 67, 79-80 (1976).

The Ninth Circuit's decision in *Thuraissigiam*, "parted ways with the Third Circuit's reading of *Boumediene* in *Castro*, and held that the petitioner satisfied step one of the *Boumediene* analysis." *Nianga v. Wolfe*, 2020 WL 415927, at *4 (N.D. Tex. Jan. 27, 2020). *Thuraissigiam* "stands for the proposition that the Court has jurisdiction over [an alien's] petition for habeas corpus that alleges that the government failed to follow the governing procedures or apply the correct legal standards in evaluating a credible fear claim." *Mehla v. U.S. Dep't of Homeland Sec.*, 2019 WL 6611508, at *5 (S.D. Cal. Dec. 5, 2019).

The Fifth Circuit has not considered this specific question. Other district courts within this circuit, however, have reached the same conclusion as *Castro* and found that petitioners could not challenge their expedited removal orders by invoking the Suspension Clause. *See Hidalgo-Mejia*, 343 F. Supp. 3d at 672; *Natt v. Wolfe*, 2020 WL 1430910, at *2 (W.D. La. Feb. 28, 2020); *Nianga*, 2020 WL 415927; *Bansci v. Nielsen*, 321 F. Supp. 3d 729, 738 (W.D. Tex. 2018).

Petitioner admits that he entered the United States at an unknown location on April 20, 2019 without inspection. Pet. [1], Ex A at 15. He was taken into ICE custody only four days later and placed into expedited removal proceedings. He was never admitted to the country and a clandestine[3] border crossing does not "trigger[] constitutional protections that are otherwise unavailable to the alien outside [the] border[]." *Castro*, 835 F.3d at 448.

---

[3] "[T]he Supreme Court has suggested in several other opinions that recent clandestine entrants like Petitioners do not qualify for constitutional protections based merely on their physical presence alone." *Castro*, 835 F.3d at 448.

The undersigned finds that Petitioner cannot overcome the first hurdle articulated in *Boumediene* and he cannot invoke the Suspension Clause. This finding follows the other district courts in this circuit and the analysis articulated by the Third Circuit. "Petitioner was detained within days after entering the United States and cannot 'invoke the Constitution, including the Suspension Clause, in an effort to force judicial review beyond what Congress has already granted.'" *Hidalgo-Mejia*, 343 F. Supp. 3d at 672 (quoting *Castro*, 835 F.3d at 446). The undersigned, therefore, concludes that Petitioner has failed to establish that he is entitled to raise a Suspension Clause challenge to § 1252(e)(2) in this case.

*Motion to Stay Removal*

"Injunctive relief is an extraordinary measure and drastic remedy and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (internal quotations and citation omitted). In considering whether to issue as stay of removal, a court reviews "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Duran-Cruz v. Holder*, 527 F. App'x 308, 310 (5th Cir. 2013). The first two factors are the most important. *Id*. at 311.

As discussed above, the Court does not have jurisdiction to review this matter and the undersigned recommends that the Petition [1] be denied for lack of subject-matter jurisdiction. A party seeking a stay "can not establish a 'substantial likelihood of success on the merits' of his claim if the court concludes it lacks jurisdiction to adjudicate the claim altogether." *Nianga*, 2020 WL 415927, at *3 (citing *Rodrigues v. McAleenan*, 2020 WL 363041, at *3 (N.D. Tex. Jan.

8

22, 2020)).  Therefore, as the undersigned has recommended denying the underlying Petition [1], Singh has not shown that he is likely to succeed on the merits and the Motion to Stay Removal [2] should likewise be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be DENIED, the Motion to Stay Removal [2] be DENIED, and this matter be DISMISSED with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 29th day of May, 2020.

s/ Michael T. Parker
United States Magistrate Judge