IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KAMAL MEHTA                                              PETITIONER

VS.                                                      CIVIL ACTION NO. 5:20cv80-KS-MTP

SHAWN GILLIS                                             RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition for writ of *habeas corpus* [1] and Emergency Motion to Stay Removal [2] filed by Kamal Mehta (Petitioner). Shawn Gillis (Respondent) filed Response [14] to Petition for *writ of habeas corpus* [1]. Petitioner Replied [15] and a, Report and Recommendation [16] was entered by Magistrate Judge Michael T. Parker. The Court finds that Petition [1] and Motion [2] should be DENIED and that the Petition for *habeas corpus* [1] should be DISMISSED WITH PREJUDICE for the hereinafter stated reasons.

I.  PROCEDURAL HISTORY

Kamal Mehta, a citizen of India, is currently held in immigration custody at the Adams County Detention Center. He challenges his expedited order of removal and requests a new asylum hearing. Petitioner brings this claim under the Suspension Clause of the United States Constitution because other statutory provisions, discussed below, strip this Court of subject-matter jurisdiction to review an alien's expedited removal order.

On April 20, 2019, Petitioner entered the United States without inspection.[1]  *See* Pet. [1] at 2; Ex. A at 15. On April 24, 2019, he was taken into custody by Immigration and Customs Enforcement ("ICE") and placed in an expedited removal proceeding.  During this proceeding, Petitioner claimed that he was afraid to return to India and sought asylum in the United States.

Petitioner is a member of the Sikh faith, but his wife is Hindu.  He alleges that this has caused strife with his wife's family and that their "love match" was unacceptable.  Petitioner's wife's uncle, a high-ranking member in the BJP, India's ruling party, pressured Petitioner to convert to Hinduism and allegedly beat Petitioner in 2014 and burned down his place of business.

Petitioner claims that he continued to receive threats because he did not leave the Sikh religion. On May 2, 2019, his wife's uncle and a group of men attacked him again.  They allegedly chastised him for not converting to Hinduism and then beat him with hockey sticks. Petitioner then attempted to move to a different part of the country but continued to feel unsafe. He reported in his credible fear interview that he could not escape this oppressive political party in India, and this caused him to leave India on April 8, 2019.  Petitioner submits that members of the BJP continue to harass his family, and he believes that a car accident involving his wife in August of 2019 is related to this political pressure.

On May 13, 2019, Petitioner was granted a credible fear interview.  The asylum officer who conducted the interview determined that Petitioner was credible, but ultimately denied his application for asylum.  It was determined that Petitioner could not demonstrate that the people

---

[1] "All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers."  8 U.S.C. § 1225(a)(3).

who harmed him were agents of the government or that the government was unwilling or unable to control them. The asylum officer's decision was subsequently affirmed by an immigration judge.

Petitioner seeks an order vacating his expedited removal order and argues that the asylum officer arbitrarily and erroneously applied the law. He filed his Petition [1] on March 23, 2020. Shawn Gillis filed his Response [14] on April 23, 2020. Petitioner filed his Reply [15] on May 7, 2020. This matter is now ripe for review.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner has filed a lengthy and well written objection [18] to the Court's Report and Recommendation. One of the main issues addressed by the Report and Recommendation and Objection is the applicability of the Suspension Clause to a challenge to expedited removal proceedings. There is conflicting circuit law with the Fifth Circuit not having addressed the applicability of the Suspension Clause to a challenge to expedited removal proceedings.

Petitioner entered the country illegally and was quickly apprehended and ordered removed. Judge Parker found that §1252(a)(2)(A) strips Courts of jurisdiction to review claims related to the expedited removal statute except as provided in §1252(e). Judge Parker's finding was that the District Court lacked jurisdiction to proceed and in a well reasoned Opinion followed the precedent set forth by the Third Circuit. *Castro v. U.S.Dep't of Homeland Scc.,* 835 F.3d 422 (3d Cir.2016). Petitioner is not "an alien seeking initial admission to the United States" and even though the Fifth Circuit has not considered this specific question, other District Courts within the Circuit have reached the same conclusion. as *Castro* and found that petitioners could not challenge their expedited removal orders by invoking the Suspension Clause. *See Hidalgo-Mejia,* 343 F, Supp. 3d at 672; *Natt v. Wolfe,* 2020 WL 1430910, at *2 (W.D. La Feb. 28, 2020); *Nianga,* 2020 WL 415927; *Bansci v. Nielsen,* 321 F, Supp. 3d 729, 738 (W.D. Tex, 2018). This Court agrees with Judge Parker's finding that Petitioner has not overcome his first hurdle and cannot invoke the Suspension Clause

The Motion to Stay likewise should be DENIED for lack of subject matter jurisdiction because Petitioner has not made a strong showing that he is likely to succeed on the merits.

This Court finds that the Petition [1] should be DISMISSED WITH PREJUDICE.

## IV.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Mehta's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Kamal Mehta's claim is DISMISSED WITH PREJUDICE.

SO ORDERED this the ___18th____ day of August, 2020,

\_\_s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE